## Case No. 10,118.

### The NEPTUNE.

[6 Blatchf. 193:[1] 8 Int. Rev. Rec. 114.]

Circuit Court, S. D. New York. Oct. 2, 1868.

SHIPPING — DAMAGE TO CARGO — NEGLIGENCE OF VESSEL—BURDEN OF PROOF—STOWAGE BETWEEN DECKS.

1. Where oil, in casks, was transported, on freight, from Boston to New York, by a steam propeller, and some of the oil was lost on the voyage, and, in a suit in rem, by the owner of the oil against the vessel, to recover for the loss, it appeared that the vessel encountered, on the voyage, an unusually violent storm, which fully accounted for the damage, within an exception in the bill of lading: Held, that the onus was on the shipper, to establish carelessness or negligence on the part of the vessel, leading to the loss.

[Cited in The Pharos, 9 Fed. 914.]

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2. The main deck of a steam propeller, bulwarked entirely around and covered by the upper deck, and constructed specially for the purpose of carrying cargo, so that the cargo placed there is as completely protected from the weather and from storms as if it were in the hold, is a proper place in which to stow such cargo.

[Distinguished in The William Gillum, Case No. 17,693. Cited in The William Crane, 50 Fed. 445.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, against the steam propeller Neptune, by the owners of a quantity of oil in casks, shipped by that vessel, on freight, from Boston to New York, on the 29th of November, 1865, to recover for the loss of some of the oil. The district court dismissed the libel, and the libellants appealed to this court.

George T. Curtis and Smith & Hulse, for libellants.

Erastus C. Benedict, for claimants.

NELSON, Circuit Justice. The casks of oil, in this case, were of various sizes, containing from eighty to three hundred gallons each. The propeller encountered, on the voyage, an unusually violent storm, which fully accounts for the damage within the exception in the bill of lading, and throws the onus on the shippers, to establish carelessness or negligence on the part of the master or owners of the vessel, leading to the particular loss. This they have attempted to do, by charging, first, that the casks were badly stowed, and, secondly, that they were stowed between decks, when they should have been stowed in the hold.

As appears from the proofs, a large portion of the hold of such a propeller as this one was, is used for her engines, water, boilers, coal, &c., although there is some space left for freight; but much the greater part of the freight is carried between decks, or on the main deck, as it is called. This deck is constructed specially for the purpose of carrying freight. It is bulwarked entirely around, and covered by the upper deck, and is as completely protected from the weather and from storms, as if it were the hold; and freight can be stowed in it as securely as in the hold. It may, perhaps, require more care in the stowage of casks, and of packages of that description, to prevent their rolling in stormy weather, than if they were in the hold, the tendency to disturb the cargo upon this deck being greater than when it is below. I concur, therefore, with the court below, that no fault is chargeable to the vessel, in stowing the oil in the between decks.

There is much conflict of evidence in the case, on the subject of the proper stowage of the casks—much more than should be expected from the intelligent shipmasters, and other experts, who have been examined; but, in this conflict, I am not disposed to overrule the conclusion of the learned judge below, who has examined the case with great care and attention on both of the points to which I have referred. Decree affirmed.